FILED

2012 NOV -5 AM 11: 46

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Lisa L. Stallworth,

    PLAINTIFF

V.

    6:12-CV-1651-ORL-28-TBS

Client Services, Inc.,

    DEFENDANT

_____/

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
AND DEMAND FOR JURY TRIAL**

Plaintiff Lisa L. Stallworth sues Client Services, Inc. and alleges the following:

This is an action for declaratory and injunctive relief, and for damages for violation of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692 *et seq.*; and violation of Florida Consumer Collection Practices Act (hereinafter "FCCPA"), codified at Fla. Stat. § 559 *et seq.*

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

2. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that Defendants' violations, subject of these claims, occurred in Seminole County, Florida, which is within this District.

**THE PARTIES**

3. Plaintiff, Lisa L. Stallworth (hereinafter "Ms. Stallworth", or "Plaintiff"), is a consumer as defined at Fla. Stat. § 559.55(2); Fla. Stat. § 501.203(7), and 15 USC § 1692a(3), and is otherwise *sui juris*. Plaintiff resides in Longwood, Seminole County, Florida.

4. Defendant Client Services, Inc. (hereinafter "CS") is a Missouri corporation headquartered at 3451 Harry S Truman Blvd., St. Charles, MO 63301.

5. CS is a debt collector as defined by the 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6) and § 559.55(7), and is subject to compliance with Fla. Stat. § 559 *et seq.* and subject to regulation by the United States Federal Trade Commission (the 'FTC') pursuant to the Federal Trade Commission Act as set forth in 15 United States Code Section 41 *et seq*.

## FACTUAL ALLEGATIONS

### Consumer Debt

6. Between January 2, 2012 and the date this lawsuit was filed, Discover Financial Services (A/K/A Discover Card, Discover Bank or DB Servicing Corporation) demanded payment and attempted to collect money from the Plaintiff by and through its various debt collection agents, including CS, for a debt asserted to be owed under a retail credit card account.

7. The account for which Discover and its agents demanded payment is a consumer debt as this is defined under the FDCPA and the FCCPA. Ms. Stallworth has disputed this debt in writing.

## Notice of Representation by Counsel

8. On or about April 10, 2012 Discover's debt collection agent FMA Alliance contacted the Plaintiff by telephone at Ms. Stallworth's home regarding the above-referenced disputed consumer debt. Ms. Stallworth informed FMA Alliance that she had retained an attorney to represent her in the dispute of the Discover account and provided the caller with contact information for her lawyer. The undersigned continues to represent Ms. Stallworth in the dispute of this consumer debt.

9. Beginning April 10, 2012 Discover and its agent FMA Alliance had knowledge Ms. Stallworth was represented by counsel regarding the disputed debt.

10. Thereafter, Discover and its agent FMA Alliance directed its communications to Plaintiff's attorney.

11. On or about June 12, 2012 Discover placed the disputed account for collection with CS and informed CS that Ms. Stallworth is represented by counsel. By June 12, 2012 Discover, FMA Alliance and CS all knew that Ms. Stallworth had an attorney representing her as to the disputed debt.

## Communicating Directly with Consumer Represented by Counsel

12. On or about June 13, 2012 CS ignored prior notice that Ms. Stallworth was represented by counsel and directly called her at home attempting to collect the disputed debt. This was CS first and initial communication with Ms. Stallworth.

13. CS did not provide Ms. Stallworth the notice required by 15 U.S.C. § 1692g within five (5) days of this initial communication.

14. Ms. Stallworth informed CS she had an attorney and, as before, provided CS with the name and telephone number of her attorney.

15.     However, notwithstanding having actual notice that Ms. Stallworth was represented by counsel CS <u>continued to call her directly</u> by telephone at least seven (7) times. Neither Ms. Stallworth nor her attorney ever consented to having Discover or any of its debt collection agents contact the Plaintiff directly.

16.     CS called Ms. Stallworth directly on the following dates and times: 8/9/2012 at 8:27am; 8/13/2012 at 9:35am; 8/16/2012 at 9:11am; 8/21/2012 at 2:11pm; 8/24/2012 at 9:21am; 8/25/2012 at 8:29am; and, on 8/29/2012 at 10:43am. All of these calls originated from CS telephone number 636-947-2321.

<u>Willful Harassment</u>

17.     Discover and its agent, CS, knew or should have known that federal and state law prohibit direct contact with a consumer that is represented by an attorney.

18.     Discover and CS deliberately disregarded this prohibition in an attempt to harass Ms. Stallworth into paying money on this disputed debt.

19.     The repeated and numerous telephone calls to Ms. Stallworth's home were not the result of any bonafide error. Both Discover and CS had actual prior notice that Ms. Stallworth was represented by counsel.

20.     These harassing tactics were intended to bypass the protections of having an attorney handle the disputed consumer debt.

21.     Discover and CS harassment tactics induced stress, mental anguish and sleeplessness on Ms. Stallworth and she ultimately began to avoid answering her telephone. She was deprived of the benefit of being protected by counsel.

22.     **Agency Action.** Pursuant to Fla. Stat. § 559.730(3) the Office of Financial Regulation is authorized to investigate and, as applicable, impose fines for

violations of Chapter 559 Florida Statutes. Published Guidelines for Imposing Administrative Penalties, codified at 69V-180.100, authorize imposition of fines totaling at least $1,000 - $3,500 for violation of Fla. Stat. § 559.72(7) and $7,500 - $10,000, including license *revocation* for violations of Fla. Stat. § 559.72(18).

23.  While agency action does not provide a private cause of action for the Plaintiff, an independent finding by the Florida Office of Financial Regulation may support additional claims under Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), codified at Fla. Stat. § 501 *et seq.* and for which Plaintiff reserves the right to amend this Complaint to add these claims.

## CLAIMS

### COUNT I
### VIOLATIONS OF 15 USC § 1692c(2)

Unlawful Communication with Consumer Represented by Counsel

24.  This is an action against CS, pursuant to 15 U.S.C. § 1692k(a), for violation of the 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

25.  Plaintiff incorporates by reference ¶¶ 1–21 above, as if fully stated here, and alleges that Defendant CS violated 15 USC § 1692c(2) seven (7) times. Each occurrence is a separate violation.

26.  Plaintiff has been damaged by Defendant's conduct.

**WHEREFORE**, Plaintiff requests entry of judgment in favor of the Plaintiff and against CS (1) declaring their conduct unlawful as violative of 15 USC § 1692c(2); (2) enjoining Defendants from engaging in future acts of this same conduct; (3) awarding

Plaintiff statutory and actual damages consistent with applicable federal law; and, (4) awarding Plaintiff costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II
## VIOLATIONS OF 15 USC § 1692g

### Failure to Provide Required Notice

27.     This is an action against CS, pursuant to 15 U.S.C. § 1692k(a), for violation of the 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

28.     Plaintiff incorporates by reference ¶¶ 1–14 above, as if fully stated here, and alleges that CS violated 15 USC § 1692g by failing to provide the required written notice within five (5) days of the initial communication with Ms. Stallworth¶.

**WHEREFORE**, Plaintiff requests entry of judgment in favor of the Plaintiff and against CS (1) declaring their conduct unlawful as violative of 15 USC § 1692g; (2) enjoining Defendants from engaging in future acts of this same conduct; (3) awarding Plaintiff statutory and actual damages consistent with applicable federal law; and, (4) awarding Plaintiff costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT III
## VIOLATION OF FLORIDA STATUTE § 559.72(18)

### Unlawful Communication with Consumer Represented by Counsel

29.     This is action against Defendant CS pursuant to Fla. Stat. § 559.77(1) for statutory and actual damages, and for declaratory and injunctive relief for Defendant violations of FLORIDA STATUTE § 559.72 *et seq.*

30. Plaintiff incorporates by reference ¶¶ 1–21 above, as if fully stated here, and alleges that Defendant CS violated Fla. Stat. § 559.72(18) seven (7) times. Each occurrence is a separate violation.

31. Plaintiff has been damaged by Defendant's conduct as alleged above.

**WHEREFORE**, Plaintiff requests entry of judgment in favor of the Plaintiff and against CS (1) declaring their conduct unlawful as violative of Fla. Stat. § 559.72(18); (2) enjoining Defendant from engaging in future acts of this same conduct; (3) awarding Plaintiff statutory and actual damages consistent with applicable Florida law; and, (4) awarding Plaintiff costs and attorneys' fees pursuant to Fla. Stat. § 559.77(2).

## COUNT IV
### VIOLATION OF FLORIDA STATUTE § 559.72(7)

Willful Harassment

32. This is action against Defendant CS pursuant to Fla. Stat. § 559.77(1) for statutory and actual damages, and for declaratory and injunctive relief for Defendant violations of FLORIDA STATUTE § 559.72 *et seq*.

33. Plaintiff incorporates by reference ¶¶ 1–21 above, as if fully stated here, and alleges that Defendant CS violated Fla. Stat. § 559.72(7) by willfully and repeatedly contacting Plaintiff at home despite having knowledge that Plaintiff was represented by counsel.

34. Plaintiff has been damaged by Defendant's conduct as alleged above.

**WHEREFORE**, Plaintiff requests entry of judgment in favor of the Plaintiff and against CS (1) declaring their conduct unlawful as violative of Fla. Stat. § 559.72(7); (2) enjoining Defendant from engaging in future acts of this same conduct; (3) awarding

Plaintiff statutory and actual damages consistent with applicable Florida law; and, (4) awarding Plaintiff costs and attorneys' fees pursuant to Fla. Stat. § 559.77(2).

## I. DEMAND FOR JURY TRIAL

35. Plaintiff hereby demands a jury trial on all claims.

Filed on this 5th Day of November 2012.

/s/ David M. Chico
David M. Chico, Esq.
FL Bar No. 0010318
ATTORNEY DAVID M. CHICO, P.A.
607 Celebration Avenue
Celebration, FL 34747
Phone: 407-933-7703
Fax: 407-933-7713
Email: davidchico@davidchicolaw.com
*Trial Counsel for Lisa Stallworth*